IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
09-0026
════════════
 
Wind Mountain Ranch, LLC,  
Petitioner,
 
v.
 
City of Temple, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Seventh District of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
In this case, we decide whether Wind Mountain Ranch’s foreclosure of its 
deed-of-trust lien was barred by limitations.  Texas registration law 
allows debtors and creditors to suspend limitations, but requires that extension 
agreements be recorded.  Tex. Civ. 
Prac. & Rem. Code § 
16.037.  Today’s question is whether a bankruptcy 
order enforcing a Chapter 11 restructuring plan is a debtor-creditor extension 
agreement under the terms of the statute.  We answer “no”—a bankruptcy 
order is not subject to section 16.037’s recording requirements.  We 
reverse the court of appeals’ judgment and, without hearing oral argument, 
render judgment in favor of Wind Mountain Ranch.
            
Robert K. Utley, as trustee, signed a note secured by a deed of trust 
encumbering 6.16 acres of land in Bell County, Texas.  The note was set to 
mature in 1993.  The property was later conveyed to Centex 
Investments.  Centex agreed to assume all of Utley’s obligations under the 
note and deed of trust.  In 1992, Centex commenced voluntary Chapter 11 
proceedings in the Central District of California.  A lis pendens 
referencing the ongoing Chapter 11 proceeding was recorded in the real-property 
records of Bell County.  The bankruptcy court confirmed Centex’s 
reorganization plan and issued an order in 1994.  The reorganization 
plan  extended the note’s 1993 maturity date to 
1999.  Neither Centex’s reorganization plan, nor the bankruptcy court’s 
confirmation order  were filed in Bell 
County.  
            
The City of Temple, alleging numerous municipal code violations, filed suit 
against Centex in 2002.  The City obtained a judgment against Centex for 
$936,250 in December 2002, and recorded an abstract of its judgment on May 22, 
2003.  On July 3, 2003, the note and deed of trust were assigned to Wind 
Mountain Ranch.  Wind Mountain then acquired the 6.16 acres securing the 
note at a non-judicial foreclosure sale.
            
Following Wind Mountain’s acquisition, the City brought claims of fraudulent 
transfer, wrongful foreclosure, and conspiracy.  The City also sought a 
declaration that, because the foreclosure occurred after the four-year statute 
of limitations lapsed, Wind Mountain’s foreclosure was invalid.  The City 
further contends that the extension of the maturity date was never recorded in 
Bell County, and is therefore void.  The City presumes that the bankruptcy 
order, and its extension of the maturity date, was effectively an extension 
agreement subject to section 16.037’s recording requirements. 
            
Following a bench trial, the trial court rendered judgment for the City.  
The court of appeals affirmed, holding the order was subject to section 
16.037.  Wind Mountain Ranch, LLC v. City of Temple, ___ S.W.3d 
___.  The court of appeals noted that Texas registration laws “seek[] to require that the public records disclose all 
matters affecting land titles.”  Id. (internal citation 
omitted).  The court further held that, although the lis pendens was 
constructive notice of the California bankruptcy proceeding, it was not actual 
notice.  Id. 
            
A party who sues to recover real property subject to a lien or who intends to 
foreclose on a lien encumbering real property must do so within four years of 
the date on which the cause of action accrues.  Tex. Civ. Prac. & Rem. 
Code 
§ 16.035(a).  “The party or parties primarily 
liable for a debt or obligation secured by a real property lien” may suspend the 
statute of limitations on the lien by executing a written extension 
agreement.  Id. § 16.036(a).  The 
Code further requires that any such agreements are to be filed in the county 
clerk’s office and “signed and acknowledged as provided by law for a deed 
conveying real property.”  Id. 
§ 16.036(b).  An extension agreement is without effect against 
“a bona fide purchaser for value, a lienholder, or a 
lessee” who, “without actual notice of the agreement and before the agreement is 
acknowledged, filed, and recorded,” deals with the real property that is subject 
to a lien.  Id. 
§ 16.037.           
    
            
Guided by the principle that the words the Legislature uses are the clearest 
guide to its intent, we begin our analysis with the statute’s plain 
language.  Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009).  When the 
words of the statute are clear and unambiguous we interpret them according to 
their plain and common meaning.  City of Rockwell v. 
Hughes, 246 S.W.3d 621, 625–26 (Tex. 2008).  That the Civil 
Practice and Remedies Code requires an extension 
agreement to be recorded is not in dispute; however, its plain language 
imposes no such requirement on a bankruptcy court order.   Tex. Civ. Prac. & Rem. Code  §§ 16.035–.037.  Neither can we say that an 
order issued by the bankruptcy court amounts to an agreement between the 
parties.  See id. § 16.036(b).  It necessarily follows 
that a bankruptcy court order need not be recorded to effectively extend a 
note’s maturity date.  The Code’s requirements for recording an extension 
agreement are clear and unambiguous; we therefore decline to look beyond the 
statute’s plain language.  As such, the maturity date of the note was 
effectively extended to 1999.  Wind Mountain foreclosed on the property 
before the statute of limitations lapsed, and its interest is superior to the 
City’s. 
            
Accordingly, without hearing oral argument, we reverse the court of appeals’ 
judgment and render judgment for Wind Mountain Ranch.  Tex. R. App. P. 59.1, 60.2(d).
 
OPINION DELIVERED:  December 3, 
2010